FRANK DRAKE, Appellant, *v.* JOSEPH H. HODGSON, Respondent, Impleaded with HARRY GAY and Others, Defendants.

First Department, January 25, 1924.

Partnership — action against retired partner to recover value of securities deposited with firm as collateral — firm subsequently went into bankruptcy — defense of Statute of Limitations, novation, and notice to plaintiff of financial condition of firm is sufficient in law — complaint states cause of action.

In an action against several members of a partnership, which was prosecuted against a retired partner only, in which the plaintiff seeks to recover the value of securities deposited with the partnership as collateral, the firm having gone into bank-

ruptcy after the said partner retired, defenses interposed by him of the Statute of Limitations, novation, and that he notified the plaintiff after retiring from the firm that it was in financial straits are sufficient in law.

The complaint states a cause of action against the retired partner, since the mere allegation therein of the dissolution of the old firm by the withdrawal of said partner does not import a notice thereof to the plaintiff, and, even if notice were given, the retired partner would still be liable for partnership obligations existing at the time of the dissolution, in the absence of facts showing a novation and discharge of the retiring partner, and there is no allegation in the complaint from which it can be inferred that the plaintiff did any act on his part which would amount to a direct dealing by him with the new firm resulting in the discharge of the retired partner.

MARTIN, J., dissents.

APPEAL by the plaintiff, Frank Drake, from a judgment of the Supreme Court in favor of the defendant Hodgson, entered in the office of the clerk of the county of New York on the 18th day of November, 1922, pursuant to an order granting said defendant's motion for judgment on the pleadings and overruling the plaintiff's demurrers to separate defenses in the answer and to a supplemental answer, with notice of intention to bring up for review the said order.

*Goldman & Unger* [*William F. Unger* of counsel; *Samuel Rubin* with him on the brief], for the appellant.

*Walton, Bannister & Hubbard* [*Daniel Day Walton* of counsel], for the respondent.

FINCH, J.:

Whether the complaint states facts sufficient to constitute a cause of action, and the defenses contained in the answer and supplemental answer are sufficient in law, are the questions presented by this appeal. The facts, in so far as necessary to call attention to the questions involved, are briefly as follows: The complaint alleges that while the four defendants were copartners in the stock brokerage business, the plaintiff deposited with them securities as collateral in connection with the purchase and sale of stock; that as the account stood on December 31, 1911, the plaintiff owed $33,723.42, and had on deposit as collateral $266,552 in securities with the defendants; that on said date the said partnership of the defendants was dissolved, and the said business was continued by the defendants Gay, Sturgis and Hall under the same firm name of Gay & Sturgis, " and the said firm continued in the possession of plaintiff's securities hereinabove referred to;" that between January 9, 1912, and August 1, 1912, the new firm sold certain stock, and credited the plaintiff's indebtedness with the amount received therefrom, and made an exchange of certain

other shares, receiving certain money, which sum was also credited on account of the plaintiff's indebtedness to said firm; that thereafter and on May 22, 1914, a petition in involuntary bankruptcy was filed against said firm of Gay & Sturgis, and on June 8, 1914, said firm was adjudicated bankrupt; and that on said May 22, 1914, said securities belonging to the plaintiff and under the control of said firm were reasonably worth the sum of $234,172; and that the plaintiff has received none of said securities " except certain shares of stock of the value of $31.50, together with the proceeds of other shares of stock, amounting to $1,027.85, together with the sum of $6,949.93, making in all the sum of $8,009.28, leaving a balance due and owing to the plaintiff of $204,601.27, no part of which has been paid, although duly demanded from the defendants." Wherefore plaintiff demands judgment for said sum.

Only the defendant Hodgson was served. Hodgson interposed an answer which substantially denies only the amount and value of the plaintiff's securities in the hands of the firm at the time of the bankruptcy, and sets up three separate defenses: (1) The six-year Statute of Limitations; (2) a novation, alleging that the new firm was substituted and the defendant Hodgson released; and (3) that the defendant Hodgson after he had left the firm advised the plaintiff that said firm was in financial straits or that the management thereof had become dishonest, and urged the plaintiff to withdraw his accounts, notwithstanding which the plaintiff continued to deal with the firm until its bankruptcy. The defendant filed a supplemental answer setting forth that the plaintiff in the bankruptcy proceedings received certain stocks or the proceeds thereof, and his claim was reduced by the sum of $8,738.05; and that the plaintiff thereafter received a second and final dividend amounting to $3,302.80.

The plaintiff demurred to the defenses and to the supplemental answer, whereupon the defendant Hodgson moved for judgment on the pleadings, and the plaintiff moved for a determination of the issues raised by the demurrers to the affirmative defenses in the amended answer and the supplemental answer.

The learned Special Term (118 Misc. Rep. 503) was correct in holding that the demurrers should be overruled, as the defenses and the supplemental answer clearly are valid if the proof substantiates the facts alleged. There was error, however, in holding that the complaint failed to state a cause of action, since the mere allegation of a dissolution of the old firm by the withdrawal of one of the partners does not import a notice thereof to the plaintiff. For

all that appears in such complaint, the plaintiff may only have known of the facts of the withdrawal just previous to the beginning of this action in 1917. Plaintiff makes out a *prima facie* case when he shows his dealings with the firm of which the defendant Hodgson was one of the partners. In the absence of a notice of withdrawal, the retiring partner continues liable for all obligations occurring after as well as before the dissolution. (*United States Nat. Bank* v. *Underwood,* 2 App. Div. 342; *Briggs* v. *Briggs & Vose,* 15 N. Y. 471.) Even as to customers of the firm having notice of such dissolution, in the absence of facts showing a novation and discharge of the retiring partner or other facts which would release a surety, such partner continues liable as a surety in connection with liabilities accrued at the time of the dissolution. (*Akin* v. *Van Wirt,* 124 App. Div. 83.) In this connection it is to be noted that there is no allegation in the complaint from which it can be inferred that the plaintiff did any act on his part which would amount to a direct dealing by him with the new firm. The allegations in this regard are compatible with a state of facts where the new firm alone would deal with the securities on their own initiative.

The allegations in the answer cannot be used in aid of the complaint. The demurrer is deemed to admit the allegations of the answer for the purpose only of testing the legal sufficiency of the same; but the demurrant is not estopped from contesting the facts alleged and putting the defendant to proof thereof at the trial.

It follows that the judgment dismissing the complaint should be reversed, with costs of this appeal to the appellant, and the order should be reversed in so far as it dismisses the complaint and fails to permit plaintiff to withdraw his demurrers to the affirmative defenses, and the motion of the defendant should be denied; in other respects the order should be affirmed and leave granted to the plaintiff to withdraw his demurrers upon payment of ten dollars costs, with costs in this court to the appellant.

CLARKE, P. J., SMITH and MERRELL, JJ., concur; MARTIN, J., dissents.

Judgment reversed, with costs. Order reversed in so far as it grants motion to dismiss complaint and said motion denied; order in other respects affirmed, with leave to plaintiff to withdraw demurrers within ten days on payment of ten dollars costs.