Heffernan, J.
The eleven actions referred to above were ; instituted by the respective plaintiffs against defendants, a partnership, by service of a summons upon defendant Smith only. The summonses in the first two above-entitled actions were served on October 15, 1946. Service in the remaining actions was made later. The same attorney represents all plaintiffs. The question for determination in each action is identical.
In the briefs of the attorneys for all parties it is said that the actions were brought by former employees of the partnership to recover overtime compensation, liquidated damages and attorney’s fees pursuant to the Fair Labor Standards Act of 1938 (U: S. Code, tit. 29, §§ 201-219) for services performed prior to January 1, 1944.
Defendant Smith appeared specially in these actions for the sole purpose of moving to vacate the service of the summons.
From the moving papers, the allegations of which are not controverted, it appears that the copartnership composed of Ezra B. Whitman, Gustav J. Requardt and defendant Smith was formally dissolved on December 31, 1943, on which date Smith retired from the firm and disposed of his interest therein to his associates who released him from all obligations and liabilities in connection with the dissolved partnership. Thereupon a new copartnership was formed under the name of Whitman, Requardt and Associates in which Smith had no interest.
The Special Term denied defendant Smith’s motions and from the orders entered thereon he has come to this court.
In denying defendant Smith’s motions the court below based its decision upon the provisions of section 67 of the Partnership Law and section 222-a of the Civil Practice Act.
The pertinent provisions of the first named section are:
“ 1. The dissolution of the partnership does not of itself discharge the existing liability of any partner.
“ 2. A partner is discharged from any existing liability upon dissolution of the partnership by an agreement to that effect between himself, the partnership creditor and the person or partnership continuing the business; and such agreement may be inferred from the course of dealing between the creditor having knowledge of the dissolution and the person or partnership continuing the business.
*630 “ 3. Where a person agrees to assume the existing obligations of a dissolved partnership, the partners whose obligations have been assumed shall be discharged from any liability to any creditor of the partnership who, knowing of the agreement, consents to a material alteration in the nature or time of payment of such obligations.”
Section 222-a (added by L. 1945, eh. 842, in effect Sept. 1) reads: “Action or proceeding in partnership name. Two or more persons carrying on business as partners may sue or be sued in their partnership name whether or not such name comprises the names of the persons. If the persons be defendants in an action or proceeding, the summons or other process may be served upon any one or more of them with like effect as though all of the persons had been named as defendants by their own respective names. Where a judgment is taken against the defendants, the clerk with whom the judgment-roll is filed, must write upon the docket opposite the name of each defendant upon whom the summons was served, the word ‘ summoned ’; and a like entry must be made by each county clerk with whom the judgment is afterwards docketed. An execution upon such judgment may be collected out of the real and personal property of the partnership, and out of the real and personal property of the persons summoned, whose names shall be indorsed on the execution. ’ ’
It is the contention of defendant Smith that after the dissolution of the copartnership an action could only be brought against the. partners individually; that by virtue of the release which he obtained from his former partners they are primarily liable to plaintiffs and that he is secondarily liable only in case plaintiffs are unable to satisfy their claims against Whitman and Requardt.
It is true that a creditor of a dissolved copartnership having knowledge of the dissolution must first pursue his remedy against the partnership assets in the hands of the copartners who assumed responsibility and the retiring partner stands merely as a surety.
There can be no doubt about the proposition that on the dissolution of the partnership in the cases before us and the transfer of the partnership property to Whitman and Requardt and the assumption of the partnership debts by them they became the principal debtors as to those debts and Smith became a surety for them. This change of relationship of the parties must be recognized by plaintiffs, although they were not parties to the dissolution agreement and even though they did not *631 consent to it. To bind them, however, there must be knowledge of the dissolution and the assumption of the partnership debts by the remaining partners (Colgrove v. Tollman, 67 N. Y. 95; Grow v. Garlock, 97 N. Y. 81; Remsen v. Beekman, 25 N. Y. 552).
' There is no competent proof in the record that plaintiffs had notice of the dissolution of the partnership and the assumption of the firm’s debts by Whitman and Requardt.
The contention of defendant Smith that the plaintiffs whose actions were instituted subsequently to October 15th are chargeable with notice of the dissolution of the firm and the assumption of its debts by the remaining partners is without merit. These plaintiffs were not bound by the statements in defendant’s affidavit because it came to the knowledge of their attorney. The notice which the statute requires is actual notice at the time of dissolution so that partnership creditors may take steps to protect their claims.
In the absence of notice of withdrawal defendant Smith con- . tinned liable for all obligations occurring after as well as before the dissolution (Drake v. Hodgson, 207 App. Div. 783).
Unquestionably each of the plaintiffs has a cause of action against the three partners. In such actions defendant Smith would have a right to interpose an answer containing the usual defense of a surety against any creditor of the firm who had knowledge of the dissolution of the concern and the assumption of its debts by the remaining partners. He would likewise be entitled to interplead his former partners so that he might obtain indemnity from them in the event that he was required to satisfy the claims of these plaintiffs.
Plaintiffs, however, have not elected to sue the individual members of the copartnership, but are pressing their claims against the partnership name under section 222-a of the Civil Practice Act.
We do not think that section is applicable. From its opening sentence it relates only to “ Two or more persons carrying on business as partners ”. Obviously this statute has to do with an existing partnership and has no relation to one that has been dissolved.
' In the cases at bar defendant Smith has no standing to appear or plead for the dissolved partnership in which he has no interest. He has not been sued individually. If the actions were against the individuals the other partners could defend on the merits provided they have a meritorious defense and defendant Smith could defend on the ground that as surety no judgment could be rendered against him unless plaintiffs were unable to *632 recover against the remaining partners. The orders appealed ■ from deny him due process of law.
It follows from what has been said that the orders appealed from should be reversed on the law, with $10 costs and disbursements in one action and the motions granted without prejudice to the rights of plaintiffs to take such other action as they may be advised.