492 P.2d 726

**STA-RITE INDUSTRIES, INC., Appellant,**

v.

**Harvey D. TAYLOR et al., Appellees.**

**No. I CA-CIV 1752.**

Court of Appeals of Arizona,
Division 1.

Jan. 17, 1972.

Robert C. Moore, Phoenix, for appellant.

B. L. Helm, Yuma, for appellees.

KRUCKER, Chief Judge.

This is an appeal from a judgment in favor of one defendant, Lawrence R. Hood, in a case tried to the court sitting without a jury. Plaintiff below, Sta-Rite Industries, Inc., had been selling to a partnership in Yuma, Arizona, known as Hamilton & Hood, consisting of Harvey D. Taylor and Lawrence R. Hood. The partnership's account was reduced to no balance on July 3, 1968. On October 28, 1968, Taylor incurred indebtedness and executed a note as the sole maker and which indebtedness is the subject of this appeal.

Taylor purchased the business and became the sole owner in March, 1968. The trial judge entered judgment against Taylor and dismissed the action against Hood.

The sole question before us in this appeal is whether plaintiff Sta-Rite had notice of the dissolution within the

meaning of A.R.S. § 29–235, and if defendants were required to comply with the Bulk Sales Law as provided by A.R.S. § 44–2802.

As to the first question, Hood would be bound if Sta-Rite had extended credit to Hamilton & Hood prior to dissolution and had no knowledge or notice of the dissolution and sale to Taylor. However, the trial court entered a written Decision and Order for Judgment and found as a fact that plaintiff had actual notice of the dissolution through a Mr. Denson, plaintiff's manager, who was advised of the dissolution. Plaintiff cannot now complain of the trial court's acceptance of his manager's version of the conversation giving plaintiff notice of the dissolution of the partnership prior to the sale which became the subject matter of this litigation.

There is no dispute as to the law applicable to this partnership question and the cases do not help us. We must look to the particular facts and determine their application to the case before us. A.R.S. § 29–203 deals with the interpretation of knowledge and notice. A.R.S. § 29–235 deals with partner-binding partnerships after dissolution, and A.R.S. § 44–2208 deals with and defines notice. The trial judge has correctly interpreted the applicable law and correctly determined the facts based on the record. We will not set aside or disturb these findings based on this record.

■■ It is true that a partnership continues, notwithstanding a formal dissolution, as to a third person, without notice, particularly one who has been dealing with the partnership. We narrow the question down to whether evidence that a partnership is in the process of being dissolved and the third person is notified or told about this fact is sufficient notice to the third person. It has been held that such notice of dissolution in process is sufficient notice. See, Kaydee Sales Corp. v. Feldman, 14 Misc.2d 793, 183 N.Y.S.2d 151 (1958). In the case before us, the salesman-manager of plaintiff Sta-Rite was actually told that the partnership was in the process of dissolution and that Taylor had an agreement with Hood to purchase the entire partnership. Sta-Rite had actual knowledge that the partnership firm was in the process of dissolution.

■ We also agree that the Bulk Sales Law under A.R.S. § 44–2802, subsec. C would not apply to the sale and dissolution of the partnership. The transcript discloses that the only merchandise was some well casing and that the prior business was drilling and placing pumps and casing in wells on a contractual basis. Further, under the Uniform Commercial Code, A.R.S. § 44–2810, action must be instituted within six months after discovery of a concealed transfer. Such was not the case here.

Judgment is affirmed.

HOWARD and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.