■ RICHARD I. MULVEY, Respondent, v DONALD HAMILTON et al., Defendants, and THOMAS J. MCCARTHY, Appellant.—Appeal from a judgment of the Supreme Court in favor of plaintiff, entered January 6, 1976 in Tompkins County, upon a decision of the court at a Trial Term, without a jury. This is an action for attorney's fees instituted by the plaintiff against defendants Donald Hamilton, Thomas J. McCarthy and Barney Tapper. The trial court found that all three defendants entered into a joint venture to purchase and develop certain real estate; that defendant Tapper requested the plaintiff to represent him and Hamilton in the purchase of this land for the sum of $5,000 plus disbursements; that Tapper's interest in the joint venture was taken over by McCarthy; and that plaintiff continued to represent Hamilton and McCarthy until his discharge on September 3, 1973. Finding that plaintiff performed services on behalf of all defendants jointly, the trial court awarded plaintiff the sum of $5,315.20 (the $5,000 fee agreed upon, plus $315.20 in disbursements) against all defendants. Only defendant McCarthy appeals. The problems in this case arise in large part from the fact that plaintiff, while a shareholder in the seller corporation, acted as the attorney for the seller and the purchaser at the same time. The appellant, an officer, director and shareholder in the seller corporation, was also actively involved with the purchaser. Plaintiff's bill of particulars reflects some 8 office consultations and 26 telephone conversations with appellant concerning the transaction in question. The difficulty, of course, lies in distinguishing contacts between fellow shareholders or between an officer and the attorney for the seller and contacts between a member of the purchaser and the attorney for the purchaser. Appellant's own testimony, as

well as that of codefendant Hamilton, is consistent with the formation of an oral partnership agreement shortly after the time when plaintiff claims to have been retained by the partnership by Tapper, the third defendant. There is evidence that tends to establish that appellant held himself out to plaintiff as a partner in the project and that plaintiff performed services in reliance upon this representation. Under such circumstances, even if appellant were not actually a member of the partnership, he nevertheless could be found liable to plaintiff (Partnership Law, § 27). The primary issues in this case revolved around the credibility of the respective witnesses and, there being sufficient evidence to support the trial court's findings of fact and the inferences it drew therefrom, we conclude that the judgment appealed from must be affirmed *(Porter v Lane Constr. Co.,* 212 App Div 528, affd 244 NY 523). Judgment affirmed, without costs. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.