**Walter SITCHENKO, Plaintiff,**

v.

**James DiRESTA, Michael Koren, and Louis J. Corbetta, a Partnership known as Corbetta Koren-DiResta Constructors, Defendants.**

No. 80 C 209.

United States District Court,
E. D. New York.

April 6, 1981.

Leonard L. Horn, Huntington, for plaintiff.

Cole & Deitz, New York City, for defendants Koren and DiResta by David Eugene Wolff, New York City.

Whitman & Ransom, New York City, for defendant Corbetta by John M. Hadlock, New York City.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Plaintiff, a citizen of Florida, has brought this diversity action seeking to enforce rights allegedly arising out of an employment agreement he entered into with a partnership entitled Corbetta Koren-DiResta Constructors ("the Partnership"). He has joined as parties defendant three individuals in the belief that they were the members of the Partnership. Asserting that the true partners are other than these individuals, and that, in any event, the Partnership would not be liable, defendants have moved to dismiss the complaint for failure to state a claim upon which relief can be granted. Rule 12(b)(6), F.R.Civ.P. Since on this motion "matters outside the pleading are presented to and not excluded by the court" because of their value in clarifying the identities and relationships of the parties involved in this matter, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56. Rule 12(b), F.R.Civ.P.

Defendant Corbetta, a citizen of New York, is president of Sandpiper Beach Developments, Ltd. ("Sandpiper"), a Nassau, Bahamas, corporation. Defendants Koren and DiResta, also citizens of New York, are principals in Koren-DiResta Construction Co., Inc. ("Koren-DiResta"), a New York corporation. It appears that on October 28, 1977, Sandpiper and Koren-DiResta formed the Partnership at issue here under the laws of the Bahamas for the purpose of entering into an agreement with OGEM B.V. ("OGEM"), a Netherlands corporation, to recruit and supply supervisory personnel in connection with certain construction projects of OGEM in Saudi Arabia. In the partnership agreement, entered into in New York, defendant Corbetta was designated signatory for Sandpiper and defendant DiResta was designated signatory for Koren-DiResta. Also on October 28, 1977, the Partnership entered into a "construction services agreement" with OGEM.

Pursuant to the construction services agreement, plaintiff was recruited to work on one of OGEM's projects, and on January 30, 1978, he entered into the employment agreement with the Partnership that is the subject of this lawsuit. The employment contract was signed by plaintiff and by defendants Corbetta and DiResta in the following manner:

"IN WITNESS WHEREOF, the Partnership has executed this Agreement by its duly authorized representative and the Employee has executed this Agreement, on the day and year first above written.

Corbetta/Koren-DiResta Constructors

By  [/s/]   James DiResta

By  [/s/]   Louis J. Corbetta

　　 [/s/]   Walter Sitchenko"

Complaint, Exh. A, at 13.

The employment agreement provided that plaintiff was to work for and be paid by OGEM and

"in all respects become an employee of OGEM and will be treated as such except as specifically enumerated herein. The Partnership guarantees to the Employee the performance by OGEM of its obligations to the Employee." Complaint, Exh. A, at 2, ¶ 2.

The agreement also specified that plaintiff was to work as a "resident supervisor" and provided that:

"A Resident Supervisor's employment may be terminated by OGEM without cause at any time during the term of this Agreement, in which event his salary shall continue to be paid by OGEM until the termination of this Employment Agreement." Complaint, Exh. A, at 6, ¶ 4(g)(iv).[1]

1. With respect to the law chosen by the parties to govern their relationship, the employment agreement provides:

"The respective rights, duties and obligations of the parties hereto shall be construed and enforced by the laws of the State of New York, United States of America, except to the

On May 15, 1978, the Partnership and OGEM entered into an agreement cancelling the construction services agreement. On the same day, in New York, Sandpiper and Koren-DiResta entered into an agreement dissolving the Partnership. Shortly thereafter, on May 29, 1978, plaintiff's employment with OGEM was terminated. The original employment agreement had contemplated a 20-month employment period, and plaintiff asserts that his termination after five months was without cause, entitling him to the balance of his salary. Claiming that the guaranty clause in his employment agreement renders the Partnership liable for damages arising out of his termination, plaintiff seeks $43,750.00 in unpaid salary.

On this motion, defendants have submitted affidavits and the Partnership agreement itself that appear to establish that the real partners were, in fact, Sandpiper and Koren-DiResta. In addition, these materials indicate that defendants Corbetta and DiResta, who signed the employment agreement, did so in their capacities as signatories, respectively, for the true partners.

However, plaintiff alleges that he was in no manner made aware of this and the face of the employment agreement itself cannot be said to indicate unambiguously that the individuals were not the partners. Moreover, plaintiff asserts that in his discussions with defendants, and particularly with defendant Corbetta, leading up to the employment agreement, it was represented to him that the Partnership was composed of these individuals. Plaintiff alleges, in fact, that until this motion was made he was kept totally ignorant of the instruments creating and dissolving the Partnership. Finally, plaintiff contends that he was assured that the Partnership, composed as he had been allowed to believe it was, would guarantee the terms of his employment.

New York Partnership Law § 27 (McKinney's), provides:

"Partner by estoppel

"1. When a person, by words spoken or written or conduct, represents himself, or consents to another representing him to any one, as a partner in an existing partnership or with one or more persons not actual partners, he is liable to any such person to whom such representation has been made, who has, on the faith of such representation, given credit to the actual or apparent partnership . . . .

"(a) When a partnership liability results, he is liable as though he were an actual member of the partnership.

"(b) When no partnership liability results, he is liable jointly with the other persons, if any, so consenting to the contract or representation as to incur liability, otherwise separately.

"2. . . . Where all the members of the existing partnership consent to the representation, a partnership act or obligation results; but in all other cases it is the joint act or obligation of the person acting and the persons consenting to the representation."

In view of this statute, the court concludes that it cannot be said that the complaint fails to state a claim against the individual defendants, and that triable issues of fact clearly appear which prevent the granting of summary judgment in defendants' favor.

Plaintiff clearly alleges that at least one individual defendant held himself out, and the others apparently allowed themselves to be held out, as partners in the Partnership with which he contracted. It is implicit throughout plaintiff's version of the negotiations that he entered into the employment agreement in reliance upon these representations. See *Hartford Acci-*

extent that the Employee's employment relationship while on site in the Kingdom of Saudi Arabia shall be governed by the laws of such Kingdom of Saudi Arabia." Complaint, Exh. A, at 12.
Without deciding which law will govern the question whether OGEM's termination of plain-

tiff was with or without cause—the true merits of this action—the court construes the above choice of law clause as providing that New York law governs the issues presented by the instant motions.

*dent & Indemnity Co. v. Oles,* 152 Misc. 876, 274 N.Y.S. 349, 354–55 (Sup.Ct., Del. County 1934). Moreover, since plaintiff argues that in reliance upon these representations he performed services and ultimately was injured by his premature discharge, he can be considered to have "given credit" to the purported Partnership. See *Mulvey v. Hamilton,* 57 A.D.2d 995, 394 N.Y.S.2d 318 (App.Div., 3d Dept.1977), *appeal dismissed,* 43 N.Y.2d 646, 402 N.Y.S.2d 1028, 373 N.E.2d 997 (1978); *Hartford Accident & Indemnity Co. v. Oles, supra,* 274 N.Y.S. at 355. Finally, as a general rule, one who has held himself out as a partner cannot avoid liability as such on the ground that a recorded instrument would show that he had no interest in the partnership, 68 C.J.S. Partnership § 31; and it is settled that each partner is jointly liable with respect to the partnership's contractual obligations. N.Y. Partnership Law § 26(2); 68 C.J.S. Partnership § 180.

■ The court notes that the doctrine of partnership by estoppel "is to be strictly guarded" and that its application will depend upon plaintiff meeting his burden of showing actual reliance on knowing misrepresentations. *Hartford Accident & Indemnity Co. v. Oles, supra.* However, viewing the material allegations of the complaint, the court cannot conclude that it appears beyond doubt that plaintiff can prove no set of facts to support his claim which would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). See *Scheuer v. Rhodes,* 416 U.S. 232, 236–37, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974). In addition, a grant of summary judgment would be inappropriate because, as the court's discussion indicates, the affidavits of plaintiff and defendants squarely present genuine questions of material fact going to the heart of plaintiff's claim that defendants' representations estop them from denying liability as partners. Rule 56(c). See generally, *SEC v. Research Automation Corp.,* 585 F.2d 31, 33 (2d Cir. 1978).

■ Defendants assert that the Partnership "has not existed, and there have been no winding up activities since shortly after the dissolution dated May 15, 1978." Corbetta Aff., dated April 9, 1980, at 4. It is true that "[o]n dissolution the Partnership is not terminated, but continues until the winding up of partnership affairs is completed." N.Y. Partnership Law § 61. *Hamilton Co. v. Hamilton Tile Corp.,* 23 Misc.2d 589, 197 N.Y.S.2d 384, 386 (Sup.Ct., New York County 1960). However, it is well settled that the only manner in which a Partnership can be "wound up" is through a formal accounting wherein its overall financial status may be evaluated. *Ben-Dashan v. Plitt,* 58 A.D.2d 244, 396 N.Y.S.2d 542, 546 (App.Div., 4th Dept. 1977); *Toeg v. Margolies,* 280 A.D. 319, 113 N.Y.S.2d 373, 375 (App.Div., 1st Dept. 1952), *appeal dismissed,* 305 N.Y. 568, 111 N.E.2d 442 (1953). It is significant that defendants do not assert that the Partnership is "wound up," but rather that they have not engaged in "winding up activities" since 1978. In any event, in the light of plaintiff's unresolved claim, it is questionable whether the Partnership's affairs could be considered to be completely wound up.

Defendants also argue that regardless of who could be considered to be held liable as partners on the Partnership's guaranty, there can be no liability because the Partnership was formally dissolved well before the institution of this action. This contention, however, is contrary to the law of New York.

■ The Partnership's obligation to guarantee the terms of plaintiff's employment with OGEM arose in January 1978, when it entered into the employment agreement, 38 C.J.S. Guaranty § 53, and its specific liability for damages, if any, arose at the time of plaintiff's termination by OGEM. 38 C.J.S. Guaranty § 66. New York Partnership Law § 67 provides:

"1. The dissolution of the partnership does not of itself discharge the existing liability of any partner.

"2. A partner is discharged from any existing liability upon dissolution of the partnership by an agreement to that effect between himself, the partnership creditor and the person or partnership continuing the business; and such agreement may be inferred from the course of dealing between the creditor having knowledge of the dissolution and the person or partnership continuing the business."

This statute, codifying the prior common law, see *Drake v. Hodgson*, 118 Misc. 503, 194 N.Y.S. 874 (Sup.Ct., New York County 1922), *modified on other grounds*, 207 A.D. 783, 202 N.Y.S. 813 (App.Div., 1st Dept. 1924), establishes the rule that a suit against a partner of a dissolved partnership is not precluded merely by dissolution. See *Ben-Dashan v. Plitt, supra*, 396 N.Y.S.2d at 546. See also *Goerig v. Continental Casualty Co.*, 167 F.2d 930, 933–34 (9th Cir. 1948) (former partners held liable on indemnity agreement even though default of principal did not occur until *after* dissolution). There is no suggestion on this motion of a consent to discharge of liability as required by § 67(2). Moreover, even if the Partnership's guaranty obligation could be considered to have ripened into a liability only upon plaintiff's termination, the Partnership would have been discharged from liability only if plaintiff had had notice of the dissolution. *Kaydee Sales Corp. v. Feldman*, 14 Misc.2d 793, 183 N.Y.S.2d 151, 154 (Sup.Ct., Monroe County 1958); *Stikeman v. Whitman, Requardt & Smith*, 272 A.D. 627, 75 N.Y.S.2d 73, 76 (App.Div., 3rd Dept. 1947). Under these circumstances, the court cannot accept defendants' contention that the dissolution of the Partnership entitles any partner—whether by agreement or by estoppel—to summary judgment dismissing plaintiff's claim.

Defendants' affidavits state that the Partnership has not been doing business since 1978 and that its assets have been distributed. In addition, defendants claim that the "proper parties" are the corporate partners and they freely assert "that there is no suggestion that either Sandpiper or Koren-DiResta, the former partners, seek to avoid any liability to the plaintiff that may exist." Reply Memorandum of Defendant Corbetta at 5.

Rule 19(a), F.R.Civ.P., provides:

"A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party if (1) in his absence complete relief cannot be afforded among those already parties .... If he has not been joined, the court shall order that he be made a party."

■ Under these circumstances, the court is of opinion that complete relief cannot be accorded in this action without the joinder of the corporate partners. See *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 111, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968). Their joinder will not destroy diversity jurisdiction. Koren-DiResta, a New York corporation, is subject to service of process. Defendant Corbetta, a citizen of New York, may receive service of process on behalf of Sandpiper, the foreign corporation of which he is president. N.Y. C.P.L.R. § 311(1).

Accordingly, defendants' motions to dismiss are denied. Sandpiper Beach Developments, Ltd. and Koren-DiResta Construction Co., Inc. are hereby joined as parties defendant.

SO ORDERED.