■ SAM MOUNDROUKAS, Respondent, v ESCO IMPROVEMENTS, INC., et al., Appellants, et al., Defendant. — In an action to recover the down payment on a contract for the sale of real property, defendant seller Esco Improvements, Inc. (Esco) and its former attorney, Herbert Litt, appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Westchester County (Rosenblatt, J.) dated November 22, 1982, which, *inter alia*, granted plaintiff summary judgment against Esco and directed Litt to return the down payment held by him in escrow. Order affirmed insofar as appealed from, with costs. We agree with Special Term that in light of the appellants' joinder in plaintiff's application for a variance and their admission before the Zoning Board of Appeals of the Town of Greenburgh of the contingent nature of the contract with plaintiff, there are no triable issues of fact precluding the granting of summary judgment (see *Mallad Constr. Corp. v County Fed. Sav. & Loan Assn.*, 32 NY2d 285). Gulotta, J. P., O'Connor, Weinstein and Rubin, JJ., concur.

■ STOCKBRIAR, INC., Appellant, v CONSERVATION AND PRESERVATION ASSOCIATION et al., Respondents. — In an action for ejectment of a contract vendee from real property and to recover money damages, plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Dachenhausen, J.), entered October 29, 1982, as, upon reargument, adhered to so much of its original determination, by order entered July 15, 1982, as granted defendants' motion to dismiss the complaint with respect to defendant Daniel Daly. Order entered October 29, 1982 reversed insofar as appealed from, with costs, so much of the order entered July 15, 1982 as granted the motion to dismiss with respect to defendant Daly is vacated and the motion to dismiss is denied as to him. There is a triable issue of fact as to whether Daniel Daly should be considered a partner by estoppel of defendant Conservation and Preservation Association (see *Mulvey v Hamilton*, 57 AD2d 995, mot for lv to app dsmd 43 NY2d 847; *Sitchenko v Di Resta*, 512 F Supp 758). Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.

■ JEANETTE TUCKER, Respondent, v SPENCER TUCKER, Appellant. — In a divorce action, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Kunzeman, J.), dated December 16, 1982, as granted the plaintiff wife's motion for an examination before trial. Order affirmed insofar as appealed from, with costs. The plaintiff has demonstrated "unusual and unanticipated conditions" warranting further disclosure (see 22 NYCRR 675.7). Gibbons, J. P., Bracken, Brown and Niehoff, JJ., concur.