JOSEPH TOEG, Respondent, *v.* MAX MARGOLIES, Appellant.

First Department, June 17, 1952.

*Louis P. Goldberg* for appellant.

*A. Alfred Conrad* of counsel (*Seymour J. Ugelow* on the brief), for respondent.

*Per Curiam.* Defendant appeals from an order denying a motion for new trial upon the ground of newly discovered evidence. The trial resulted in a judgment determining that the parties entered into an oral agreement of joint venture for the sale of 550 dozen pairs of women's hosiery in Paris, France, and that defendant agreed to pay half of the cost of this merchandise and to share equally all expenses connected with the venture. The merchandise was taken to Paris by plaintiff, but was seized by the French Government upon the ground that plaintiff lacked a license, presumably to import the merchandise. Since the confiscated hosiery constituted the entire assets of the venture, there appeared to be no occasion for an accounting. Judgment was entered against defendant for the unpaid balance of half of the cost of the merchandise and expenses, amounting to $2,934.20, including court costs.

After the trial, defendant received information that four fifths of the hosiery belonging to the venture had been released by the French Government and thereafter shipped by plaintiff to Switzerland for sale. Defendant promptly wrote to plaintiff's lawyer in Paris to verify this fact. Plaintiff's lawyer replied as follows: " I regret that the rules applying to lawyers at court prevent my replying to your question. All that I am able to indicate to you is that in accord with Mr. Toeg I have put on foot a transaction with the Administration of French Customs, and that this transaction is now terminated and executed."

This letter lends support to the information received by defendant. Although it neither confirmed nor denied that four fifths of the confiscated hosiery had been released, it informed defendant that plaintiff's application to the French customs authorities had been decided, but that the privilege existing between attorney and client prevented him from telling defendant what was done.

In his answering affidavit upon the motion for new trial, plaintiff virtually concedes that some of these goods were released and disposed of. He states:

'' Under my agreement with the defendant, I am the owner of an undivided one-half interest and I have as much right to the control and disposition of the hosiery as [the] defendant. Defendant chose not to do anything with respect to the hosiery and his failure to act does not affect me or my interest. What I did, I submit, is not inconsistent with my claim of an agreement to participate in a joint venture with defendant whereby I advanced the merchandise as well as other monies.

'' The evidence proposed could not have any substantial bearing on the result of this case. It certainly cannot be said that it would in all probability defeat my claim upon a new trial.''

The seizure of this hosiery by the French Government and the claimed subsequent release of the greater portion of it could not transfer title from the joint venture to plaintiff. alone.

Enough has been shown to raise issues of whether defendant is entitled at least to some credit from the outcome of the joint venture, and to make it apparent that defendant is entitled to a frank and full disclosure of the ultimate disposition of the subject matter of the joint venture and credit for any realization therefrom. Plaintiff cannot require defendant to pay half of the cost of purchasing this hosiery without accounting to him for what became of it, and crediting him with his proportionate share of the net proceeds of sale, if any.

The only manner in which a partnership or joint venture can be wound up is through an accounting. That was avoided by the judgment in this case on the basis that there was nothing to account for. Defendant has presented sufficient facts, which have been uncovered since the trial, to warrant a modification of the order appealed from by granting a new trial upon the ground of newly discovered evidence to the extent of modifying the judgment by striking out the monetary recovery awarded to plaintiff, and by making it interlocutory in form and requiring that an accounting be had of the joint venture before an official referee, with $20 costs and disbursements to appellant.

Plaintiff will be required to assume the burden of going forward with evidence of what became of the hosiery and what, if anything, was realized thereon upon such accounting.

The judgment in favor of plaintiff and against defendant in the sum of $2,934.20 may stand as collateral security for any recovery for which plaintiff may ultimately be awarded final judgment, but otherwise shall be modified as above stated by the order granting a new trial by way of accounting and, as so modified, should be affirmed, without costs. Settle order.

PECK, P. J., DORE, COHN, VAN VOORHIS and HEFFERNAN, JJ., concur.

Order unanimously modified, with $20 costs and disbursements to appellant, and the judgment unanimously modified, without costs, in accordance with the opinion herein. Settle order on notice.