## Pearl Medvedow *v.* Isadore Medvedow

Inglis, C. J., Baldwin, O'Sullivan, Wynne and Daly, Js.

Argued January 6—decided February 16, 1954

*Thomas F. Keyes, Jr.,* with whom, on the brief, was *David E. FitzGerald, Jr.,* for the appellant (plaintiff).

*Nathan Rubin,* with whom, on the brief, was *James F. Rosen,* for the appellee (defendant).

Wynne, J. The defendant was granted a divorce on a cross complaint alleging intolerable cruelty. In the action brought by the plaintiff she charged the defendant with intolerable cruelty. At the trial the

plaintiff did not prosecute her complaint and the court entered a nonsuit against her. The trial proceeded on the defendant's cross complaint. The court found that the plaintiff had been guilty of intolerable cruelty to the defendant and entered a decree of divorce in his favor. It is from this judgment that the appeal was taken. The assignments of error are addressed exclusively to the finding and the court's conclusions thereon. As expressed in the plaintiff's brief, the question is whether the evidence, in the light most favorable to the defendant, supports a decree of divorce on the ground of intolerable cruelty.

The following is a summary of the facts found: The parties were married October 5, 1946. Both are middle aged. Each had been previously married and divorced. There were children by the former marriages but none by the marriage in question. After the marriage the defendant went to live with the plaintiff at her apartment. At that time the plaintiff's daughter also lived there. About a year after the marriage the plaintiff's son moved in with them following his discharge from the army. Friction developed in 1947 because the son assumed to run the household and attempted to relegate the defendant to a secondary position. In September, 1947, the defendant came home about 6:30 one evening and found that his wife had gone and that all the furniture except a stove had been removed; his personal belongings were on the floor. Three weeks later the plaintiff moved back to the apartment, the defendant having obtained a room elsewhere. Two or three months afterwards the defendant was permitted to return to the apartment. In May, 1948, the plaintiff locked the defendant out of the apartment. The plaintiff was jealous of the defendant's first wife and constantly and unjustly accused him of intima-

cies with her. About October, 1950, without warning or reason, and, again, in November, 1951, she packed her things and left the defendant. During their life together the plaintiff threw things at the defendant on many occasions. Twice she struck him and slapped his face.

The court concluded that the plaintiff's accusations of infidelity were untrue; that, coupled with continual arguments and mistreatment by the plaintiff, they caused the defendant much pain and mental anguish; that the cumulative effect destroyed the marital relationship and rendered its continuance unbearable; and that the plaintiff's conduct constituted intolerable cruelty.

The plaintiff seeks by her assignments of error a complete reversal of the court's finding and conclusions. In effect she asks us to retry the case. This we cannot do. *Saunders* v. *Saunders,* 140 Conn. 140, 143, 98 A.2d 815. The findings essential to the court's conclusions are supported by evidence and must stand. The conclusions are not illogical, arbitrary or contrary to law. The conclusion that the conduct was intolerable cruelty within the fair meaning of the statute does no violence to the definition of intolerable cruelty we have adopted. *Gowdy* v. *Gowdy,* 120 Conn. 508, 510, 181 A. 462. That the defendant on cross-examination admitted that his physical condition did not deteriorate until after the final breakup of the home and that he still loved his wife the way she was, did not bind the court to find otherwise than it did.

There is no error.

In this opinion the other judges concurred.