JENNIE RUSSO *v.* JOSEPH PORGA

INGLIS, C. J., BALDWIN, O'SULLIVAN and WYNNE, JS.[1]

---

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued October 8—decided November 29, 1954

*Donald J. Zehnder*, with whom, on the brief, was *Joseph N. Perelmutter*, for the appellant (plaintiff).

*George J. Yudkin*, with whom, on the brief, was *Harold B. Yudkin*, for the appellee (defendant).

WYNNE, J. In this action the plaintiff sought damages for personal injuries. She alleged that the defendant inflicted a cut on the instep of her foot with a sickle. Her complaint is in two counts. In the first count she alleged that the defendant assaulted her wilfully and wantonly. The second count charged the defendant with negligence in cutting grass with a sickle and, through lack of due care, injuring the plaintiff.

The plaintiff has appealed from the judgment rendered for the defendant. She has assigned as error (1) the court's conclusion on the finding that her injury was not due to the wanton or intentional act of the defendant and was not the result of lack of reasonable care, and (2) the court's failure to find the issues for her under the assault and battery count when, she claims, the finding shows that her injury

was the direct and immediate consequence of an unlawful force exerted by the defendant.

The trial court found the following facts: On July 2, 1949, the plaintiff and her husband were the owners of property adjoining property owned by the parents of the defendant in Derby. At one time the families were on very friendly terms, but a dispute had arisen over the location of their common boundary. A few days before the occurrence involved here, the daughter of the plaintiff and the mother of the defendant were engaged in combat over the rights of the families in the disputed area. On the morning in question, the defendant, a young man, was directed by his father to cut the grass in that area. The defendant commenced cutting the grass with a sickle. The plaintiff observed his action and left her house, coming over to where the defendant was cutting the grass. She advanced to within arm's reach of him, tapped him on the shoulder, and said in substance: "Don't you understand you can't cut grass here? It don't belong to you." The defendant continued to cut grass and said nothing. In a short time the plaintiff's instep was cut, the sickle having come in contact with her foot.

The first count alleges that the defendant wilfully and wantonly cut the plaintiff. The second count alleges that the defendant negligently cut her. The plaintiff's claim is that, the court having found that the plaintiff's injury was caused by the sickle held by the defendant, it followed that the plaintiff's injury was the direct and immediate consequence of an unlawful force exerted by the defendant. An actionable assault and battery may be one committed wilfully or voluntarily, and therefore intentionally, or one done under circumstances showing a reckless disregard of consequences. It may also be one com-

mitted negligently. *Lentine* v. *McAvoy,* 105 Conn. 528, 531, 136 A. 76; *Morris* v. *Platt,* 32 Conn. 75, 84. The court concluded that the defendant did not intentionally injure the plaintiff and that his conduct was neither wanton nor negligent. These conclusions are logically supported by the finding and must stand. *Medvedow* v. *Medvedow,* 140 Conn. 698, 700, 103 A.2d 337; *Farkas* v. *Halliwell,* 136 Conn. 440, 443, 72 A.2d 648.

The second count is based upon negligence. The finding supports the conclusion that the defendant was not negligent. The court found that the plaintiff did not sustain the burden of proof on either count of her complaint.

There is no error.

In this opinion the other judges concurred.