Owen McGtvern, J.
The defendants move pursuant to rule 107 of the Rules of Civil Practice, for dismissal of the complaint, upon the ground that the plaintiff has not legal capacity to sue, for the reason that the plaintiff was a partnership which has been dissolved. The plaintiff partnership brings this action to recover legal fees and disbursements. The services were rendered between February, 1951 and December, 1954. It is set forth that after the termination of the period during which the services were rendered, the constitution of the plaintiff law firm was significantly changed, in that one of the members of the firm .withdrew, and the claim is made by the defendants that full payment was made to this withdrawn member. In any case, it is defendants’ contention that section 222-a of the Civil Practice Act is not applicable. Under the common law a partnership sued or was sued by naming the members thereof, and *275 by the enactment of section 222-a “ Two or more persons carrying on business as partners may sue or be sued in their partnership name whether or not such name comprises the names of the persons.” Defendants say that this does not apply to a dissolved partnership. There is no appreciable reason that because of dissolution the rule should be any different. The remaining partners of the dissolved partnership are still carrying on the business as partners, to the extent that they are liquidating partners. In the case of Stikeman v. Whitman, Requardt & Smith (272 App. Div. 627) a singular situation arose because the partnership was the defendant, and the partner served was the one who had withdrawn. Plaintiff relies on Ruzicka v. Rager (305 N. Y. 191). However, that case did not involve a dissolved partnership, but it does couple section 222-a with section 223, and this court believes that the plaintiff should be permitted to maintain the action in its present form, and accordingly the motion is denied.