John D. Bennett, S.
This is a motion by Eugene Underwood pro se, appearing specially and not -generally, solely for the purpose of quashing the purported service on him on January 11, 1965, of an order to show cause directing that Roscoe H. Hupper, Burlingham Veedor Clark & Hupper, Burlimgham Hupper & *898 Kennedy and Luekenbach Steamship Company, Inc., show cause why certain relief prayed for in the petition of Edgar F. Luekenbach, Jr., should not be granted. The relief requested is for the return of legal fees paid to the law firm of Burlingham Veeder Clark & Hupper and Burlingham Hupper & Kennedy, of which Rosooe H. Hupper, the executor herein, was a member. It is alleged that the legal fees were paid by the estate without prior court approval.
The moving party prays that the said order to show cause be quashed as to him and as to Burlingham Veeder Clark & Hupper and Burlingham Hupper & Kennedy on the ground that the said law firms have been dissolved and liquidated. The answering affidavits state that the liquidation of said law firms have not been completed inasmuch as various matters involving the business and affairs of the said law firms are incomplete, to wit, the fees of the attorneys for the executor of the estate have not been fixed and allowed by the Surrogate of Nassau County, and accordingly the amount to which each of the said firms is or are entitled have not been determined; that various fees were obtained by each of the said firms without order or authorization from the court, and other items which have not been completed by the said firms. The moving party herein admits that he was a member of the firms of Burlingham Veeder Clark & Hupper, and Burlingham Hupper & Kennedy, during the period that they represented the executor of this estate.
It is elementary that two or more persons conducting a business as a partnership may sue or be sued in the partnership name (CPLR1025).
Section 67 of the Partnership Law provides in part as f ollows:
“ Effect of dissolution on partner’s existing liability. 1. The dissolution of the partnership does not of itself discharge the existing liability of any partner.”
“ The only manner in which a partnership or joint venture can be wound up is through an accounting ” (Toeg v. Margolies, 280 App. Div. 319, 321).
“ Even pursuant to section 61 of the Partnership Law, on dissolution a partnership is not terminated, but continues until the winding up of the partnership affairs has been completed ” (Hamilton Co. v. Hamilton Tile Corp., 23 Misc 2d 589, 591).
In Sugarman, Partnership (3d ed., p. 188, §§ 200, 201) the author states:
“ § 200. Dissolution Defined. The New York Partnership Law, section 60, defines dissolution as * the change in the relation of the partners caused by any partner ceasing to be associated in the carrying on as distinguished from the winding up *899 of the business.’ Dissolution as used in the statute designates the point in time when the partners cease to carry on the firm business together. N. Y. Part. Law, sec. 61.
“ § 201. Partnership Not Terminated. The partnership is not terminated on dissolution but continues until the winding up of the partnership affairs is completed. N. Y. Part. Law, sec. 61; Bayer v. Bayer, 215 App. Div. 454, 214 N. Y. S. 322 (1926). Until the final settlement of all the partnership affairs, the partnership is not terminated although dissolution has taken place. Winding up means the process of settling partnership affairs after dissolution. See Commissioners’ Notes, Uniform Partnership Act, section 29.”
Crane, Partnership (2d ed., p. 429) states: u Authority to charge the property and to create personal liabilities of co-partners is confined to acts incident to winding up.”
In Hunt, Hill d Betts v. Bull S. S. Co. (9 Misc 2d 274, 275) a law partnership which had been dissolved, instituted an action to recover fees for professional services. The defendant moved to dismiss the complaint stating that the plaintiff did not have legal capacity to sue. The motion was denied and the court stated the following, and distinguished the case of Stikeman v. Whitman, Requardt & Smith (272 App. Div. 627) as follows: “ Defendants say that this does not apply to a dissolved partnership. There is no appreciable reason that because of dissolution the rule should be any different. The remaining partners of the dissolved partnership are still carrying on the business as partners, to the extent that they are liquidating partners. In the case of Stikeman v. Whitman, Requardt & Smith (272 App. Div. 627) a singular situation arose because the partnership was the defendant, and the partner served was the one who had withdrawn.” This decision was affirmed by the Appellate Division, First Department in 9 A D 2d 620.
Accordingly the court finds that the partnerships of Burlingham Veeder Clark & Hupper, and Burlingham Hupper & Kennedy, have not been terminated on dissolution, but continue until the winding up of the partnership affairs is completed (Partnership Law, § 61), and that they are still conducting business as partners for the purpose of winding up the partnership affairs within the meaning of CPLB 310, 1025. Therefore, each of the said firms may be sued in its partnership name, and personal service upon Eugene Underwood, who was eoncededly a partner in both of the said law firms, was effective service upon the partnerships.