OPINION OF THE COURT
Judith A. Hillery, J.
This is an action brought to foreclose a mechanic’s lien on certain real property located in Dutchess County, New York. Among the defendants named in the action is a partnership, Dutchess Properties. The assumed business name certificate of the partnership was filed in the Dutchess County Clerk’s office on March 15, 1974, naming, among others, one Bernard R. Cascio as a partner. The contract which forms the basis of this action was executed on April 28, 1978. The mechanic’s lien was filed in the Dutchess County Clerk’s office on March 2, 1979. The filing date is purportedly within four months following the completion of the last work performed. Although it appears that an amended assumed business name certificate was executed February 21,1979, confirming the withdrawal of *255 Bernard R. Cascio as a partner, the new certificate had not been filed when this action was commenced by service upon Mr. Cascio, in the State of Connecticut on December 26, 1979.
By notice of motion dated March 30,1980, the defendant, Dutchess Properties, seeks an order pursuant to CPLR 3211 (subd [a], par 8) dismissing the action as against the partnership. The thrust of argument in support of the motion is twofold. First, it is contended that service upon a partner outside the State of New York does not give this court jurisdiction. Secondly, assuming service in Connecticut would otherwise be adequate, it is contended that by service upon a partner who has withdrawn from the partnership, jurisdiction is not acquired over the partnership.
The first of the arguments of the defendant partnership can be disposed of rather easily. CPLR 310 provides that “Personal service upon persons conducting a business as a partnership may be made by personally serving the summons within the state upon any one of them”. This latter section must be read in conjunction with CPLR 313 which, in pertinent part, provides that “A person *** subject to the jurisdiction of the courts of the state under [CPLR] section 301 or 302 *** may be served with the summons without the state, in the same manner as service is made within the state”. The uncontroverted facts before the court clearly indicate that the partnership defendant transacted business within the State (CPLR 302, subd [a], par 1) and owned, used and/or possessed real property situated within the State (CPLR 302, subd [a], par 4). It seems clear that, barring other defect, service upon a partner outside the State is sufficient to acquire jurisdiction over the partnership.
The answer to the question posed in the second portion of the defendant partnership’s argument is far less clear than the first. The only authority cited by either party is the Third Department ruling in Stikeman v Whitman, Requardt & Smith (272 App Div 627, mot for lv to opp den 273 App Div 827, opp dsmd 297 NY 951). In that case, former employees of the partnership sought to recover compensation, liquidated damages and attorney’s fees for services performed prior to January 1, 1944, pursuant to *256 the Fair Labor Standards Act of 1938. The action was commenced by service of a summons upon Benjamin L. Smith, a partner, after he had retired from the partnership, effective December 31, 1943. The action named the original partnership, as opposed to the individual partners, as defendant. Following the withdrawal of Smith, the partnership business was continued by the two remaining partners under a firm name which merely excluded that of Mr. Smith. It did not appear that any of the plaintiffs had actual knowledge of the dissolution of the original partnership. The majority in Stikeman, holding that jurisdiction over the partnership had not been acquired, based its opinion upon the language of former section 222-a of the Civil Practice Act (now in substance contained in CPLR 310, 1025, 5018 [subd (a)], 5201 [subd (b)] and 5229). As it pertains to this matter, former section 222-a of the Civil Practice Act provided: “Two or more persons carrying on business as partners may sue or be sued in their partnership name whether or not such name comprises the names of the persons” (see CPLR 1025). The court stressed that section 222-a of the Civil Practice Act related only to “[t]wo or more persons carrying on business as partners” (emphasis added) stating further (supra, p 631) that “Obviously this statute has to do with an existing partnership and has no relation to one that has been dissolved”. Interestingly, the dissent, per Justice Brewster, noted (supra, p 632) that “Notwithstanding appellant’s withdrawal *** the partnership is in existence as to the plaintiffs. (Bank of Monongahela Valley v. Weston 159 N.Y. 201, 211.)”
This court must respectfully disagree with the majority opinion of the court in Stikeman, since it appears to be based upon a premise which is inaccurate, namely, the inapplicability of section 222-a of the Civil Practice Act (now CPLR 1025) to a dissolved partnership. The Stikeman court incorrectly equated dissolution of a partnership with termination of a partnership. Such a conclusion is contrary to the language of section 61 of the Partnership Law which provides: “On dissolution the partnership is not terminated, but continues until the winding up on the partnership affairs is completed.” The distinction between “dissolution” and “termination” or “winding up” is well illustrated and documented in Matter of Luckenbach (45 Misc *257 2d 897; see, generally, 43 NY Jur, Partnership, § 176, p 173). “ ‘After dissolution, a partnership is considered as maintaining a limited existence for the purpose of making good any outstanding engagements, taking and settling accounts, collecting partnership property and the means and assets of the partnership, and generally watching over the business for the benefit of all those interested’ (43 NY Jur, Partnership, § 203, p 194).” (Matter of Perkins & Will Partnership [Syska & Hennessy], 50 AD2d 226, 231-232; see Stark v Utica Screw Prods., 103 Misc 2d 163.)
There is no evidence before the court that the plaintiff in this action had actual or constructive notice of the dissolution brought about by the withdrawal of Mr. Cascio. The Partnership Law provides the parties to the partnership with clear direction concerning a means of notifying third parties as to a change in the makeup of the organization (see, e.g., Partnership Law, §§ 66, 67). It is said that “a partnership continues, notwithstanding a formal dissolution, as to a third person acting in good faith who has had no actual or constructive notice that the firm has been dissolved” (Kaydee Sales Corp. v Feldman, 14 Misc 2d 793, 796; see, generally, 43 NY Jur, Partnership, § 199, p 191).
There is some authority to the effect that if a tender or demand must be made upon a partnership, or a notice given, to create or keep alive a liability against the partnership, it may be given to any of its members either after or before the dissolution. (See Gates v Beecher, 60 NY 518; Hubbard v Matthews, 54 NY 43.)
Upon the facts presented in this case, the court is of the opinion that as to the partner served and the partnership itself, jurisdiction has been acquired by service upon Mr. Cascio. (See, generally, 60 Am Jur 2d, Partnership, § 331, pp 220-221.) As to the plaintiff herein, the partnership has not been wound up, accordingly, the “retired” partner, Bernard R. Cascio, remains a partner for the purpose of this action. Should the plaintiff wish to proceed against the personal estates of the other partners, not named in this action, they may be served and added as defendants. The motion to dismiss is denied in all respects.