**Stanley JONELIS**

v.

**David RUSSO, et al.**

**Civ. No. 591 CV 707 (WWE).**

United States District Court,
D. Connecticut.

Aug. 1, 1994.

Russell D. Liskov, Daniel Shepro, Willinger, Shepro, Tower & Bucci, Bridgeport, CT, for plaintiff.

M. Jeffry Spahr, Corp. Counsel's Office, Norwalk, CT, for defendants.

## RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

EGINTON, Senior District Judge.

Plaintiff, Stanley Jonelis, brought this action against defendants David Russo and Thomas Cummings, pursuant to 42 U.S.C.A. § 1983, alleging in part that defendants unlawfully arrested and seized plaintiff in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution. Plaintiff also alleges pendent state law claims of negligent assault, intentional infliction of emotional distress and negligence against defendants Russo and Cummings. Plaintiff brings an additional pendent claim pursuant to Connecticut General Statutes § 7-465 against defendant City of Norwalk for assumption of liability for damages resulting from the acts of defendants Russo and Cummings, exclusive of any damages resulting from alleged 42 U.S.C.A. § 1983 violations or from the alleged intentional infliction of emotional distress.

Defendants have moved for summary judgment on all counts, pursuant to Fed.R.Civ.R. 56. For the reasons set forth below, defendants' motions will be denied.

### BACKGROUND

From the pleadings and motion papers, the facts may be summarized as follows. On October 26, 1989 plaintiff was a passenger in a truck driven by Ernest Gainor. Gainor engaged defendants Russo and Cummings, police officers in the Norwalk Police Department, in a high-speed chase through Norwalk. Defendants Russo and Cummings were acting in their official capacities as Norwalk police officers at the time of the alleged events. Gainor's vehicle became disabled, the chase ended, and defendants Russo and Cummings ordered Gainor and plaintiff out of their vehicle. Both defendant officers had their firearms out and pointed at Gainor's truck.

Plaintiff and Gainor exited the vehicle and lay on the ground side by side. Defendants claim that plaintiff and Gainor did not exit the vehicle immediately when told to do so. Plaintiff claims that one of the defendant officers threatened to shoot him and Gainor, but cannot identify the officer who made the alleged threat. Defendant Russo approached plaintiff and Gainor, at which point defendant Russo's shotgun accidentally discharged, killing Gainor. At some point after the shooting, other Norwalk police officers arrived on the scene, including Officer James Yturbe.

Plaintiff was handcuffed after the shooting, but cannot identify the officer or officers who handcuffed him. In his deposition, Officer Yturbe stated that defendant Cummings handcuffed plaintiff, and that Yturbe helped Cummings put Jonelis into the police vehicle. Defendant Cummings stated that he (Cummings) ordered Yturbe to handcuff plaintiff, and Yturbe complied. Defendant Russo admitted that he (Russo) handcuffed plaintiff. Plaintiff alleges that whoever handcuffed him also picked him up by his handcuffs, dropped him, and dragged him on his face.

The parties do not dispute that after plaintiff was handcuffed, he was taken to the Norwalk Police Station via Newport Avenue—not the shortest possible route, which would have been via Wolfpit Avenue. Plaintiff claims that he did not immediately recognize this route as leading him to the police station. Plaintiff alleges that when he asked the officers in the police car where they were taking him, an officer in the seat behind him threatened to kill him if he did not keep quiet. Plaintiff cannot identify the officer who made the alleged threat. Plaintiff asserts that because he had just seen his friend shot and killed, and because he was being taken a route which did not seem to him to lead to the police station, the alleged threatening statement led plaintiff to fear that the officers in the police car were going to take him into the woods and kill him. Plaintiff was not arrested upon arrival at the Norwalk Police Station.

### DISCUSSION

A motion for summary judgment will be granted where there is no genuine

issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. *American International Group, Inc. v. London American International Corp. Ltd.,* 664 F.2d 348, 351 (2d Cir.1981). In determining whether a genuine issue of material fact exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.) *cert. denied,* —— U.S. ——, 112 S.Ct. 152, 116 L.Ed.2d 117 (1991).

### *UNLAWFUL ARREST AND SEIZURE*

In counts one and two, plaintiff claims that defendants Russo and Cummings used excessive force against him, thus violating his Fourth Amendment right against unreasonable seizure.

■ Claims that law enforcement officers have used excessive force in the course of an arrest, investigatory stop, or other seizure should be analyzed under the reasonableness standard. *Graham v. Connor,* 490 U.S. 386, 388, 109 S.Ct. 1865, 1867–68, 104 L.Ed.2d 443 (1989). Under this standard, the finder of fact must determine whether it was reasonable under the circumstances for the officer or officers to have used whatever force they employed. *Id.* at 396, 109 S.Ct. at 1871–72.

■ Defendants argue that even if the events in question took place as plaintiff alleges, plaintiff offers insufficient evidence to show that defendant officers were actually the individuals who committed the acts in question. Defendants assert that this lack of evidence precludes a jury from finding for plaintiff. The court does not agree that there is insufficient evidence indicating defendant officers' participation in the alleged § 1983 violation. Plaintiff offers evidence that either defendant Russo or defendant Cummings handcuffed him, or at least did so in concert with Officer Yturbe. It is undisputed that defendant officers were present at the time plaintiff alleges that he was dropped on his face and dragged. Plaintiff has also produced several witnesses who heard one of the alleged threats and who indicated that the defendant offices were extremely agitated and lacking composure. Plaintiff's evidence is sufficient to allow a presentment to the jury so that it may determine whether the defendant officers were the ones who committed the alleged acts, and whether those acts were reasonable under the circumstances.

■ Even if a jury were unable to determine that defendants Russo and Cummings were in fact the individuals who used the alleged force against plaintiff, a law enforcement officer has an duty to intercede on behalf of a citizen whose constitutional rights are being violated in his or her presence. *O'Neill v. Krzeminski,* 839 F.2d 9, 11 (2d Cir.1988). Under 42 U.S.C.A. § 1983, an officer who does not intercede on behalf of a citizen in such a situation can be liable to that citizen. *Id.* Plaintiff has established that defendants Russo and Cummings were present at the time of the alleged constitutional violation. Even if plaintiff cannot prove that defendants Russo and Cummings personally violated plaintiff's civil rights, if a jury determines that such an event actually occurred, and if it finds the use of force to be excessive under the reasonableness standard, then that jury could find the defendant officers liable for failing to stop the officer or officers who used such force against plaintiff. Because factual issues are in dispute, summary judgment will be denied as to counts one and two.

### *NEGLIGENT ASSAULT*

In counts three and four plaintiff alleges defendants Russo and Cummings negligently assaulted him. Plaintiff bases this claim on the alleged excessive force, handling of firearms, and verbal threats employed by the defendant officers against plaintiff. Plaintiff claims to have been physically and emotionally injured as a result of defendants Russo's and Cummings' actions.

■ Under Connecticut law, assault, an unlawful application of force or violence to the person of another, need not be intentional. An assault may arise out of a defendant's negligence. *Russo v. Porga*, 141 Conn. 706, 708, 109 A.2d 585 (1954).

As with counts one and two, defendants argue that counts three and four should not survive summary judgment because there is insufficient evidence to allow a jury to find for plaintiff. Defendants assert that it would be impossible for a jury to find that the defendant officers were the ones who committed the alleged acts. As explained in detail above, the court does not agree with defendants' conclusion. Because plaintiff has produced sufficient evidence to enable a jury to find for plaintiff on the disputed facts of this case, summary judgment will be denied as to counts three and four.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

■ In counts five and six plaintiff alleges intentional infliction of emotional distress against defendant Officers Russo and Cummings. In order for plaintiff to prevail on these counts, he must show (1) that defendants intended to inflict emotional distress or should have known that emotional distress would be a likely result of their conduct, (2) that defendants' conduct was extreme and outrageous, (3) that defendants' conduct was the cause of plaintiff's distress, and (4) that plaintiff's emotional distress was severe. *Petyan v. Ellis*, 200 Conn. 243, 253, 510 A.2d 1337 (1986).

■ Defendants argue that because recovery for bystander emotional distress is not permitted under Connecticut law, plaintiff's claims for intentional infliction of emotional distress should not survive summary judgment. It is unnecessary to discuss the merits of defendants' interpretation of Connecticut's bystander emotional distress law here. Plaintiff claims to have suffered severe emotional distress not merely as a result of observing the shooting of his friend, but out of fear for his own safety. Even in state law cases denying recovery for bystander emotional distress, recovery is granted "to the extent that [the] injuries resulted from fear of injury to [plaintiff]." *Strazza v. McKittrick*, 146 Conn. 714, 718, 156 A.2d 149 (1959). Defendants' argument that summary judgment be granted as to counts four and five on the ground that plaintiff seeks to recover solely under a theory of bystander emotional distress is therefore moot.

Whether defendants Russo and Cummings are liable for intentional infliction of emotional distress on plaintiff is inherently a factual issue and should be left to the trier of fact. Summary judgment will be denied as to counts five and six.

### NEGLIGENCE

■ In counts seven and eight plaintiff puts forth claims of negligence against defendants Russo and Cummings for allegedly failing to use due care in handling their firearms. Negligence is the failure to use reasonable care under the circumstances and the engaging in conduct which creates an undue risk of harm to another. *Hoelter v. Mohawk Service, Inc.*, 170 Conn. 495, 501, 365 A.2d 1064 (1976). The elements of a cause of action for negligence are (1) that there was a duty of care owed to the plaintiff, (2) that the duty owed to the plaintiff was breached, (3) that the defendant's breach of the owed duty was the proximate cause and cause in fact of harm suffered by the plaintiff. *Coste v. Riverside Motors*, 24 Conn. App. 109, 112, 585 A.2d 1263 (1991).

■ Defendants again assert that even if negligence had taken place on the night in question, the evidence is insufficient to establish that the defendant officers were the ones who committed such acts. The court does not agree. As stated above, plaintiff has produced enough evidence to convince a jury that defendants Russo and Cummings had committed the alleged acts upon which plaintiff bases his claims. This being settled, the elements of a negligence claim are factual in nature and must properly be presented to the trier of fact. Summary judgment will be denied as to counts seven and eight.

### ASSUMPTION OF LIABILITY

■ Count nine alleges that defendant City of Norwalk is liable to plaintiff for dam-

ages as to counts three, four, seven, and eight, pursuant to C.G.S.A. § 7–465. The statute provides that a municipality "shall pay on behalf of an employee of such municipality ... all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights or for physical damages to person or property ... if the employee was acting in the performance of his duties and within the scope of his employment." Under the statute a municipality is not responsible for damages resulting from the willful or wanton acts of its employee, even if such act was performed within the scope of his or her duty.

Defendants argue that *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) precludes suit against the municipality unless there is an affirmative link between an official municipal policy or decision and the alleged tort. While it is true that *Monell* would require such an affirmative link in an action to sue a municipality for damages under § 1983, the *Monell* analysis applies only to § 1983 claims. *Id.* at 701, 98 S.Ct. at 2041. Plaintiff does not seek to recover from defendant City of Norwalk for his § 1983 claims. *Monell's* requirement of an affirmative link therefore does not apply to plaintiff's claim against defendant City of Norwalk. Furthermore, plaintiff does not seek to hold City of Norwalk liable for counts five and six, which would fall within the willful and wanton exception of C.G.S.A. § 7–465. Plaintiff's cause of action against Norwalk is properly rooted in the plain meaning of C.G.S.A. § 7–465. Summary judgment will be denied as to count nine.

### CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment [# 43] is DENIED as to all counts.