Paul MERRIMAN and Kristin Rybicki, Plaintiffs,

v.

The TOWN OF COLONIE, NEW YORK; Ye Ole Locksmith Shoppe, Inc.; Michael Diaz; James Diaz; Trent Wilson; John P. Grebert, Individually and in his official capacity as Chief of Police for the Town of Colonie, New York; Thomas Lemieur, Individually and in his official capacity as a Police Officer for the Town of Colonie, New York; Francis M. Forenzo, Individually and in his official capacity as a Police Officer for the Town of Colonie, New York; Steven H. Heider, Individually and in his official capacity as a Lieutenant in the Police Department of the Town of Colonie, New York; Michael S. Ruede, Individually and in his official capacity as a Police Officer for the Town of Colonie, New York; Patrick M. Germaine, Individually and in his official capacity as a Police Officer for the Town of Colonie, New York; Robert H. Winn, Individually and in his official capacity as a Police Officer for the Town of Colonie, New York; John M. Tully, Individually and in his official capacity as a Sergeant in the Police Department of the Town of Colonie, New York; Thomas J. Breslin, Jr., Individually and in his official capacity as a Lieutenant in the Police Department of the Town of Colonie, New York; John Van Alstyne, Individually and in his official capacity as a Sergeant in the Police Department of the Town of Colonie, New York; Andrew Nipcon, Individually and in his official capacity as a Police Officer for the Town of Colonie, New York; Daniel Limmer, Individually and in his official capacity as a Police Officer for the Town of Colonie, New York; Dennis C. Mink, Individually and in his official capacity as a Police Officer for the Town of Colonie, New York; "John Doe" and "Jane Roe", whose names are fictitious but are meant to indicate one or more presently unknown agents, servants or employees of the Town of Colo-

502

nie New York Police Department, individually and in their official capacities as Police Officers or agents, servants or employees of the Town of Colonie, New York; and the Town of Colonie Police Department, Defendants.

No. 95–CV–1351.

United States District Court,
N.D. New York.

July 3, 1996.

**504**

Keith F. Schockmel, Albany, New York, for Plaintiffs.

Cusick, Hacker & Murphy, Latham, New York (James E. Hacker, Roger J. Cusick, of counsel), for Defendants: Town of Colonie, John P. Grebert, Thomas Lemieur, Francis M. Forenzo, Steven H. Heider, Michael S. Ruede, Patrick M. Germaine, Robert W. Winn, John M. Tully, Thomas J. Breslin, Jr., John M. Van Alstyne, Andrew Nipcon, Daniel Limmer, Dennis C. Mink, and Town of Colonie Police Department.

Carter, Conboy, Case, Blackmore, Albany, New York (James A. Resila, of counsel), for Defendant Ye Ole Locksmith Shoppe, Inc.

Thomas J. Burch, Albany, New York, for Defendant Michael Diaz.

Pemberton & Briggs, Schenectady, New York (James L. Pemberton, of counsel), for Defendants James Diaz and Trent Wilson.

### MEMORANDUM-DECISION AND ORDER [1]

HOMER, United States Magistrate Judge.

Plaintiffs brought this civil action against the above named defendants pursuant to 42 U.S.C. § 1983. Plaintiffs allege in their twelve-count complaint that the defendants violated their rights under the Fourth and Fourteenth Amendments and, in pendent state law claims, committed various torts in a series of events related to the dissolution of a partnership in an autobody repair shop.

Plaintiffs seek a declaratory judgment as well as compensatory and punitive damages.

Presently pending are motions and cross-motions for summary judgment by all parties [2] pursuant to Fed.R.Civ.P. 56. (Docket Nos. 25, 30, 34, 38, 42 and 46). For the reasons stated below, the motions of the defendants are granted and that of the plaintiffs is denied.

## I. STATEMENT OF FACTS

In October 1994, plaintiff Rybicki and defendant Michael Diaz formed a partnership pursuant to an oral agreement to operate an autobody repair business under the name Tri-City Collision. The business was located on premises leased by Rybicki at 76 Exchange Street, Albany, New York [hereinafter the shop]. The business contracted with plaintiff Merriman to provide his services as an autobody repairman. Merriman was permitted to store his tools and other property at the shop. Rybicki, Michael Diaz and Merriman shared equal access to the shop.

On the evening of April 18, 1995, Rybicki unilaterally dissolved the partnership, personally notifying defendant Michael Diaz both of the dissolution and that he was no longer permitted in the shop. Rybicki then advised defendants Germaine and Tully of the Colonie Police Department [3] that the partnership had been dissolved and that Michael Diaz was no longer permitted in the shop. Rybicki then changed the locks to the shop.

In the next five days several confrontations occurred between Rybicki, Merriman and Michael Diaz both by telephone and at the shop. On one occasion Michael Diaz was accompanied by James Diaz and Trent Wilson. These confrontations led Rybicki and Merriman to attempt to file criminal charges with the Colonie Police Department. The police declined to file charges, however, ad-

---

**1.** Pursuant to 28 U.S.C. § 636(c), this matter was referred for all further proceedings and the entry of judgment by the order of United States District Judge Con. G. Cholakis dated April 24, 1996.

**2.** Defendants John Doe and Jane Roe have never been served with the summons and complaint.

Accordingly, pursuant to Fed.R.Civ.P. 4(m), the complaint against those defendants is dismissed without prejudice.

**3.** While the shop has an Albany address, it is apparently located within the Town of Colonie.

vising that this was a civil dispute.[4] Plaintiff contacted other law enforcement authorities but received the same response.

On April 22, plaintiffs found at the shop a business card from defendant Ye Olde Locksmith Shoppe, Inc. [hereinafter Locksmith] indicating that Michael Diaz had called the Locksmith to gain entry to the shop. However, the Locksmith had not opened the new lock at that time because Michael Diaz could not produce evidence of his right to enter. Plaintiffs advised the Locksmith that Michael Diaz was not permitted in the shop.

On April 24, the Locksmith opened the lock at the shop for Michael Diaz after defendant Lemieur, a Colonie police officer, appeared at the shop and verified Diaz's identification and papers. Michael Diaz then seized all the property from the shop, including Merriman's tools, vehicles under repair and partnership property. Plaintiffs called and visited the Colonie Police Department to advise that the shop was being burglarized. They were told that no criminal charges would be brought against any of the defendants.

This action was commenced on September 20, 1995.

## II. SUMMARY JUDGMENT STANDARD

Under Fed.R.Civ.P. 56(c), if there is "no genuine issue as to any material fact . . . the moving party is entitled to judgment as a matter of law . . . where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986), *on remand*, 807 F.2d 44 (3d Cir.1986), *cert. denied*, 481 U.S. 1029, 107 S.Ct. 1955, 95 L.Ed.2d 527 (1987). The burden to demonstrate that no genuine issue of material fact exists falls solely on the moving party, *Heyman v. Commerce and Industry Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir.1975), and the trial court must resolve all ambiguities and draw all inferences in favor of the nonmovant. *Eastway Construction Corp. v. City of New York*, 762 F.2d 243, 249 (2d Cir.1985).

## III. DISCUSSION

### A. Motion of Colonie Defendants

#### 1. Plaintiffs' Section 1983 Claims

The Colonie defendants contend that since the autobody repair business partnership remained in existence on April 24, 1995, Michael Diaz retained equal access to partnership property and the shop. There was, therefore, no basis for the police to deny Michael Diaz access to the shop or its contents.

■ Under N.Y.Partnership Law § 61 (McKinney 1988), "[o]n dissolution the partnership is not terminated, but continues until the winding up of partnership affairs is completed." Until the final settlement of all partnership affairs, the partnership remains in existence. *See Shandell v. Katz*, 95 A.D.2d 742, 743, 464 N.Y.S.2d 177, 179 (1st Dep't 1983); *In re Luckenbach's Estate*, 45 Misc.2d 897, 898, 258 N.Y.S.2d 44, 46–47 (Surr.Ct.1965) (partners of a dissolved partnership carry on the business as liquidating partners); *Hamilton Co. v. Hamilton Tile Corp.*, 23 Misc.2d 589, 590, 197 N.Y.S.2d 384, 386 (Sup.Ct.1960) (letter stating that partnership was dissolved did not terminate the partnership relationship).

■ Here, although plaintiff Rybicki dissolved the partnership on April 18, 1995, the partnership remained in existence pending an accounting. *Toeg v. Margolies*, 280 A.D. 319, 321, 113 N.Y.S.2d 373, 375 (1st Dep't 1952). Accordingly, absent a court order to the contrary, Rybicki and Michael Diaz retained equal authority, rights and access as tenants in partnership to the shop and its contents as of April 24, 1995.

Plaintiffs contend, however, that even if the partnership remained in existence after April 18, 1995, Rybicki was entitled to bar Michael Diaz from the shop because she held the lease to the premises in her own name.

---

**4.** The police further advised plaintiffs that if they continued to attempt to file criminal charges, they would subject themselves to arrest.

However, as long as the partnership remained in existence at the shop, Michael Diaz was legally entitled to equal access with Rybicki. *See Charles v. Odum,* 664 F.Supp. 747, 751 & n. 4 (S.D.N.Y.1987) (subtenant retained authority over apartment even though tenant changed locks to bar entry while subtenant was away).

■ Since Michael Diaz was entitled to enter the shop on April 24, 1995, an action by any defendant in effecting that entry did not violate any Fourth Amendment rights of plaintiffs. While the actions of Michael Diaz following entry on April 24, 1995 may raise issues for the partnership accounting or regarding the tort claims asserted herein under state law, those actions implicate no Fourth Amendment concerns given the continued existence of the partnership and the rights of Michael Diaz as a partner. *Cf. United States v. Donlin,* 982 F.2d 31, 33 (1st Cir.1992) (authority to consent to police search found where wife asked police to get her personal belongings from apartment after domestic dispute even though husband objected); *Charles v. Odum,* 664 F.Supp. at 751.

■ Plaintiffs further contend that the Due Process Clause of the Fourteenth Amendment imposed a duty on the Colonie defendants to protect plaintiffs and their property. The Supreme Court has stated that the Due Process Clause of the Fourteenth Amendment does not require the state affirmatively to intervene to protect the "life, liberty, and property of its citizens against invasions by private actors." *DeShaney v. Winnebago County Dept. of Soc. Servs.,* 489 U.S. 189, 195, 109 S.Ct. 998, 1002–03, 103 L.Ed.2d 249 (1989). A state may be liable only if placed in a custodial relationship with the individual or if the state created the danger that resulted in harm to the individual. *Id.* at 200–01, 109 S.Ct. at 1005–06. Moreover, "a state actor may be subject to liability for an action physically undertaken by private actors in violation of the plaintiff's liberty or property rights if the state actor directed or aided or abetted the violation." *Dwares v. City of New York,* 985 F.2d 94, 98 (2d Cir.1993); *see also Ying Jing Gan v. City of New York,* 996 F.2d 522, 533 (2d Cir.1993). In addition, a police officer has the duty to intercede on behalf of a private individual whose constitutional rights are being violated in the officer's presence. *See Jonelis v. Russo,* 863 F.Supp. 84, 87 (D.Conn.1994); *see also O'Neill v. Krzeminski,* 839 F.2d 9, 11 (2d Cir.1988).

Here, the plaintiffs had no custodial relationship with the Colonie police. Plaintiffs contend the Colonie defendants aided and abetted Michael Diaz in the creation of danger to plaintiffs' property. This contention is premised on the fact that on April 24, 1995, the Locksmith picked open the lock at the shop at the request of Michael Diaz only after defendant Lemieur authorized him to do so. Defendant Lemieur did so after verifying Michael Diaz's identification and credentials. Defendant Lemieur then left the site.

The fact that Rybicki had changed the locks to the shop and notified the Colonie police two days earlier that Michael Diaz was not allowed to enter the shop does not affect the existence or nature of the Colonie defendants' duty. As described above, the partnership remained in existence and with it Michael Diaz's right of access to partnership property at the shop. Rybicki was no more entitled arbitrarily to terminate that right by changing the locks and notifying police than would Michael Diaz have been entitled to terminate Rybicki's right of access.

On the undisputed material facts here present then, defendant Lemieur properly determined that Michael Diaz was lawfully entitled to enter the shop, so advised the Locksmith and departed the site. Neither the actions of defendant Lemieur nor those of other Colonie defendants violated any constitutional rights of plaintiffs. Plaintiffs further contend, however, that by their inaction the Colonie defendants conspired with Michael Diaz to deprive plaintiffs of their property and rights. In so doing the inaction of the Colonie defendants rendered them responsible for the actions of Michael Diaz and violated their Fourth and Fourteenth Amendment rights.

■ A conspiracy is an agreement between two or more individuals to do something the law forbids. *Sales v. Murray,* 862

F.Supp. 1511, 1517 (W.D.Va.1994); *McKenzie v. Doctors' Hosp. of Hollywood, Inc.*, 765 F.Supp. 1504, 1507 (S.D.Fla.1991), *aff'd*, 974 F.2d 1347 (11th Cir.1992). Under section 1983 the conspiracy must involve state officials, *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir.1982), and must have as its illegal object the deprivation of federal rights. *Croy v. Skinner*, 410 F.Supp. 117, 126 (N.D.Ga.1976).

■ Plaintiffs offer evidence showing that (1) the Colonie defendants failed to act on plaintiffs' repeated complaints against Michael Diaz, and (2) Michael Diaz was friends with several Colonie defendants who acted at his behest to aid him in his dispute with plaintiffs. Even viewed in the light most favorable to plaintiffs, however, the evidence they offer fails to raise a question of fact as to the participation of the Colonie defendants in any conspiracy. First, plaintiffs have offered no evidence of any illegal agreement involving the Colonie defendants. The refusal of those defendants to file criminal charges against Michael Diaz on plaintiffs' complaints fails to show any agreement with Michael Diaz, especially when the evidence consistently shows that the Colonie defendants deemed this a civil matter, a view shared by other law enforcement authorities contacted by plaintiffs.

At best the evidence submitted as to the friendship of Michael Diaz with two Colonie defendants establishes that Michael Diaz had friends in Colonie town government, Hogan Aff., ¶ 7, and in a statement made several months after April 24, 1995, that Michael Diaz was friends with several Colonie police officers, including defendants Tully and Breslin. Hogan Aff., ¶ 8. Alone or in combination, this evidence fails to support an inference of conspiracy involving the Colonie defendants.

For these reasons the motion of the Colonie defendants for summary judgment on this ground is granted.

### 2. Qualified Immunity

■ In the alternative the Colonie defendants argue that they are protected from liability for damages under the doctrine of qualified immunity. A governmental official is entitled to qualified immunity if his or her conduct did not violate a "clearly established" constitutional right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *see also Wright v. Smith*, 21 F.3d 496, 500 (2d Cir.1994). The contours of the right must be established to the extent that a reasonable official would recognize his acts violated that right. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987).

■ The following factors must be considered to determine whether a right is clearly established:

(1) whether the right in question was defined with "reasonable specificity"; (2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question, and (3) whether under pre-existing law a reasonable defendant official would have understood that his or her acts were unlawful.

*Jermosen v. Smith*, 945 F.2d 547, 550 (2d Cir.1991), *cert. denied*, 503 U.S. 962, 112 S.Ct. 1565, 118 L.Ed.2d 211 (1992). Summary judgment in favor of a public officer based on qualified immunity is appropriate when, at the time the officer was acting, the right in question was not clearly established, or even if the right was established, it was not objectively reasonable for the official to recognize that his conduct violated the right. *Richardson v. Selsky*, 5 F.3d 616, 621 (2d Cir.1993); *Ying Jing Gan v. City of New York*, 996 F.2d 522 (2d Cir.1993).

■ Here, the Colonies defendants' conclusion that the dispute between plaintiffs and Michael Diaz was civil and not criminal was reasonable. In addition, it was reasonable for the Colonie defendants to believe that the plaintiffs' Fourth Amendment rights would not be violated when the locks at the shop were opened because Diaz asserted and demonstrated that he was a partner in the autobody repair business. For these reasons, the Colonie defendants' motion for summary judgment is granted on this ground as well.

508

### 3. Municipal Liability

The defendants contend that the Town of Colonie is not liable for the conduct of its police officers as the police conduct in this action was not the result of a municipal custom or policy.

 A municipality may not be held liable under section 1983 for the alleged unconstitutional actions of its non-policy making employees solely on the basis of *respondeat superior*. *Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). To hold a municipality liable, the plaintiff must plead and prove three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir.1995) quoting, *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir.1983). A "municipal policy may be inferred from the informal acts or omissions of supervisory municipal officials." *Zahra v. Town of Southold*, 48 F.3d at 685. The Second Circuit has found that the mere assertion of a municipal policy or custom is inadequate to show the existence of such a policy. *Dwares v. City of New York*, 985 F.2d at 100. A policy or custom can be inferred from evidence that a municipality "so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction." *Id.* However, the plaintiff must do more than state that there was a failure to train. Furthermore, a single incident by non-policy makers will generally not raise an inference of the existence of a custom or policy. *Id.*

Here, plaintiffs have asserted that defendant Town of Colonie Police Department has established no policies pertaining to the handling of non-domestic civil disputes, for the differentiation of civil disputes from criminal matters or for the manner in which actions involving friends or relatives of police officers are handled. Schockmel Affirm., Exs. 5 and 6. In addition, plaintiffs state that the police have no established policies regarding assisting individuals to enter locked buildings. Schockmel Affirm., ¶ 16.

Plaintiffs have not shown that there is a continuing pattern of conduct by the Colonie defendants which would establish a policy or custom here. The one incident alleged here will not suffice to impose municipal liability under *Monell*. *See Otero v. Jennings*, 698 F.Supp. 42, 46 (S.D.N.Y.1988). Accordingly, the motion of defendant Town of Colonie on this ground is granted.

### 4. Personal Involvement of Defendants Grebert, Tully, Van Alstyne and Breslin

The defendants contend that plaintiffs have not offered any evidence that supervisors Grebert, Tully, Van Alstyne or Breslin had any personal involvement or personal knowledge of the actions allegedly taken by the police officers in this case.

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *see also Al-Jundi v. Estate of Rockefeller*, 885 F.2d 1060, 1065 (2d Cir.1989) (" '[T]he general doctrine of *respondeat superior* does not suffice and a showing of some personal responsibility of the defendant is required.' ").

A defendant may be personally involved in a constitutional deprivation within the meaning of 42 U.S.C. § 1983 in several ways. The defendant may have directly participated in the infraction. A supervisory official, after learning of the violation through a report or an appeal, may have failed to remedy the wrong. A supervisory official may be liable because he or she created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue. Lastly, a supervisory official may be personally liable if he or she was grossly negligent in managing subordinates who caused the unlawful condition or event. *Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir.1986) (citations omitted); *see also Wright*, 21 F.3d at 501; *Moffitt v. Town of Brookfield*, 950 F.2d 880, 886 (2d Cir.1991).

As to defendants Tully, Breslin and Van Alstyne, plaintiffs have offered evidence that they directed other officers not to pursue criminal charges against defendants Michael

Diaz, James Diaz and Trent Wilson when plaintiffs sought to file complaints at different times, and threatened plaintiffs with arrest if they continued to pursue criminal charges, although these defendants knew as of April 24, 1995 that plaintiffs' property had been taken. Defendant Breslin also sent defendant Lemieur to the shop on April 24 when Michael Diaz sought to enter. The evidence of involvement by defendant Grebert, the Chief of Police, focuses on the presence or absence of police policies for responding in such cases.

Thus, as to defendants Tully, Breslin and Van Alstyne, there exist questions of fact as to the extent of their involvement. Their motion on this ground, therefore, is denied. There is no evidence to support a finding of personal involvement by defendant Grebert in any way, however. His motion on this ground is granted.

### B. Locksmith's Motion

Defendant Ye Ole Locksmith Shoppe, Inc. moves for summary judgment on, among others, the following grounds: (1) it was not a state actor for purposes of liability under section 1983, and (2) Michael Diaz had authority to enter the shop on April 24, 1995.

### 1. Locksmith as State Actor

The defendant contends that it is not a state actor and that the conduct of a private person under section 1983 will not support liability under the statute unless the conduct of that private party is "fairly attributable to the State." *Dahlberg v. Becker,* 748 F.2d 85, 89 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985).

 Plaintiffs base their claim against this defendant on a series of cases that have held tow truck operators to be agents of the police and, as such, state actors. In these cases the tow truck operator was hired by the police and directed by the police to remove a private citizen's vehicle. *See Coleman v. Turpen,* 697 F.2d 1341, 1343–45 (10th Cir.1982); *Bins v. Artison,* 721 F.Supp. 1034, 1036–37 (E.D.Wis.1989). Here, however, the Locksmith is a private company whose em-

ployee, Mr. Lee, was hired and paid by Michael Diaz, a private party. Although the police were present at the scene, they did not hire Locksmith. In addition, there is no dispute that the police did not direct the Locksmith to take any action regarding the lock. Defendant Locksmith's motion is granted on this ground.[5]

### 2. Michael Diaz's Authority To Enter the Shop

As discussed above in subsection B(1), Michael Diaz had authority to enter the shop himself and to authorize others, including the Locksmith's employee, to enter. On this ground as well, then, defendant Locksmith's motion is granted.

### C. Pendent State Claims

Plaintiffs have also asserted a variety of pendent tort claims against the defendants based on state law. All defendants have moved for dismissal of these pendent claims in the event the motions of the Colonie defendants are granted.

It is well settled that "if the federal claims are dismissed before trial ... the state claims should be dismissed as well." *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *West Hartford v. Operation Rescue,* 915 F.2d 92, 104 (2d Cir.1990). This principle is supported by the policy that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Robison v. Via,* 821 F.2d 913, 925 (2d Cir.1987); *see also Bassett v. Ferrucci,* No. 94–CV–655, slip op. at 14–15, 1996 WL 347207 (N.D.N.Y. June 19, 1996) (Hurd, M.J.).

Having granted summary judgment to the Colonie defendants on the section 1983 claims and there existing no other basis for federal jurisdiction, jurisdiction of the pendent state law claims is declined and the defendants' motion on this ground is granted.

---

**5.** Assuming arguendo that defendant Locksmith acted as an agent of the police, however, the Locksmith would nevertheless be entitled to summary judgment on the grounds stated above in subsection B with respect to the Colonie defendants.

510

## IV. CONCLUSION

**WHEREFORE,** for the reasons stated above, it is

**ORDERED** that the motions of the defendants for summary judgment are **GRANTED** as indicated above, the motion of the plaintiffs for summary judgment is **DENIED,** and the complaint is dismissed in it entirety.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**